**FILED**
**NOV 19 2015**
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>BRAKE MADNESS, INC.,<br><br>           Debtor. | Case No.: 1:15-13766-MB<br><br>Chapter 11<br><br>**ORDER SETTING SCHEDULING AND CASE MANAGEMENT CONFERENCE**<br><br><u>Hearing</u><br>Date:  December 15, 2015<br>Time:  1:30 p.m.<br>Place:  Courtroom 303<br>         21041 Burbank Blvd<br>         Woodland Hills, CA 91367 |

      **PLEASE TAKE NOTICE** that, pursuant to 11 U.S.C. §105(d), the Court will conduct a status conference in this case at the place and time set forth above.

      **PLEASE TAKE FURTHER NOTICE** that, based upon the Court's records and evidence presented at the status conference, the Court may do one or more of the following at the status conference (or at any continued hearing) without further notice:

      A.     Dismiss the case;

      B.     Convert the case to another chapter;

      C.     Order the appointment of a chapter 11 trustee;

      D.     Establish deadlines for the filing of claims, requests for payment of expenses of administration and/or objections to claims;

1

E.    Set deadlines for filing or soliciting acceptances of a proposed plan and disclosure statement by the debtor or any other party in interest;

F.    Fix the scope and format of the notice to be provided regarding the hearing on approval of the disclosure statement;

G.    Provide that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan;

H.    Set a deadline for confirmation of a plan;

I.    Set deadlines for compliance with reporting and other chapter 11 debtor in possession requirements;

J.    Set deadlines for the assumption or rejection of executory contracts or unexpired leases; and/or

K.    Refer matters to mediation.

**IT IS ORDERED** as follows:

1.    Not less than fourteen calendar days prior to the date scheduled for the initial status conference, the debtor in possession (or the chapter 11 trustee, if one has been appointed), shall serve a copy of this Order on the United States Trustee, the debtor (if a chapter 11 trustee has been appointed), all secured creditors, any creditors committee or equity committee appointed in the case and counsel for any such committees (or the 20 largest unsecured creditors, if no creditors committee has been appointed), and any parties requesting notice pursuant to Local Bankruptcy Rule 2002-1(b) or Local Bankruptcy Rule 2002-1(e).

2.    Not less than fourteen calendar days prior to the date scheduled for every initial or continued status conference, the debtor in possession (or the chapter 11 trustee, if one has been appointed), shall file and serve a written status report on the parties identified in paragraph 1,

unless the Court has expressly relieved the debtor in possession (or the chapter 11 trustee, if one has been appointed) of the obligation to file a written status report. Failure to do so may result in sanctions including dismissal, conversion, or the appointment of a trustee. Unless otherwise ordered by the Court, each chapter 11 status report must contain the following:

    (a)    A brief description of the debtor's business and operations, if any, and the principal assets and liabilities of the estate.

    (b)    Brief answers to the following questions:

        (1)    What precipitated the filing of this case?

        (2)    What does the debtor hope to accomplish in this case?

        (3)    What are the principal business and financial problems facing the debtor and how does the debtor intend to address these problems?

        (4)    What are the main legal disputes facing the debtor and likely to be encountered during this case, and how does the debtor recommend that these disputes be resolved?

        (5)    What is the debtor's estimate regarding timing for confirmation of a plan?

        (6)    Is the debtor a "health care business" as defined in 11 U.S.C. § 101(27A)?

        (7)    Is the debtor a small business debtor as defined in 11 U.S.C. § 101(51D)?

        (8)    Is this case a single asset real estate case as contemplated in 11 U.S.C. §101(51B)?

    (9) Has the debtor complied with all of its duties under 11 U.S.C. §§ 521, 1106, 1107, F.R.B.P. 1007 and all applicable guidelines of the Office of the United States Trustee?

    (10) Do any parties claim an interest in cash collateral of the debtor? Is the debtor using cash that any party claims as its cash collateral, and if so, on what date did the debtor obtain an order authorizing the use of such cash or the consent of the party?

  (c) The identity of all professionals retained or to be retained by the estate, the dates on which applications for the employment of such professionals were filed or submitted to the United States Trustee, the dates on which orders were entered regarding such applications (if any), and a general description of the services to be rendered by each such professional. The initial status report should include an estimate of the expected amount of compensation for each professional. Subsequent status reports should provide estimates of the amounts actually incurred, as well as updated estimates of the additional fees and expenses anticipated.

  (d) Evidence regarding projected income, expenses, and cash flow. In the initial status report, this should cover the first six months of the case and contain a comparison to actual results for the 12 months preceding the filing of the case. In subsequent reports, this should show actual performance during the case, a comparison to the debtor's postpetition budget, and a projection of six months going forward.

  (e) In the initial status report, proposed deadlines for the filing of claims and objections to claims. In subsequent reports, the status of efforts to resolve and/or object to claims.

  (f) A discussion of the unexpired leases and executory contracts to which the debtor is a party, including the debtor's intentions, a proposed timetable for addressing such leases and contracts, and the status of those efforts.

1        (g)      In the initial status report, whether the debtor anticipates the sale of any estate assets by motion or in connection with a plan. In subsequent reports, the status of those efforts.

        (h)      In the initial status report, a proposed deadline for the filing of a disclosure statement and plan, as well as a description any progress made towards developing and/or negotiating a plan. In subsequent reports, the status of those efforts.

3.      Subsequent status reports must highlight changes and developments since the previous chapter 11 status reports were filed.

4.      The debtor, debtor's counsel, (or counsel for the chapter 11 trustee, if one has been appointed) and counsel for creditors' and equity committees, if any, must appear in person at the status conference. Other parties in interest may appear telephonically.

Date:  November 19, 2015

_____

I HEREBY CERTIFY that a copy of the ORDER attached hereto was served either by Notice of Electronic Filing ("NEF") or by U.S. Mail, as indicated below, to the following parties on November 19, 2015.

**ECF (electronic service)**

- Eric Bensamochan    eric@bnpllp.com
- S Margaux Ross    margaux.ross@usdoj.gov, margauxla@yahoo.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

**U.S Mail**

N/A

Kathy Campbell, Clerk of Court
U.S. Bankruptcy Court

By: *Kathy Ogier*
Deputy Clerk