*Eric Bensamochan, Esq.* SBN 255482
20501 Ventura Blvd Suite 130
Woodland Hills, CA. 91364
Telephone: (818) 574-5740
Facsimile: (818) 230-1931
Email: eric@eblawfirm.us

Proposed Counsel for: Laurel Canyon MK2 LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:15-bk-13766-MB |
| | Chapter 11 |
| | APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY ERIC BENSAMOCHAN, ESQ AS BANKRUPTCY COUNSEL; DECLERATION OF ERIC BENSAMOCHAN, ESQ IN SUPPORT THEREOF |
| BRAKE MADNESS, INC. , | |
| | |
| | No Hearing Required Local Bankruptcy Rule2014-1(b) |
| Debtor. | |

In support of this application to employ Eric Bensamochan, Esq. as bankruptcy counsel (the application), Brake Madness Inc., the Debtor In Possession (The "Debtor") hereby alleges as follows:

1. On November 13, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11, USC section 101, et seq (The Bankruptcy Code). No trustees have been appointed, and the debtor continues to manage its financial affairs as a debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The debtor has determined that the need for counsel is required in order to pursue a feasible plan of reorganization. The Debtor has decided that Eric Bensamochan is the ideal Bankruptcy counsel to represent it based his level of understanding as it relates to the Debtor's issues, the intimacy of the firm size, the Debtor's comfort with counsel Eric Bensamochan, the

amount of individual attention the case will receive, and the cost. The Debtor seeks to employ Eric Bensamochan as its Bankruptcy counsel, at the expense of the Debtor's Bankruptcy estate, and to have the Debtor's employment of Eric Bensamochan effective as of the Petition Date.

4. The Debtor seeks to employ Eric Bensamochan as its bankruptcy counsel to render, among other things, the following types of professional services:

a. advising the Debtor with regard to the requirements of the Bankruptcy Court, the Bankruptcy Code, the Bankruptcy Rules, and the Office of the United States Trustee as they pertain to the Debtor;

b. advising the Debtor with regard to certain rights and remedies of the Debtor's bankruptcy estate and the rights, claims, and interests of the creditors;

c. representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving the Debtor's estate, unless the Debtor is represented in such proceeding or hearing by other special counsel;

d. conducting examinations of witnesses, claimants, or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of Eric Bensamochan 's expertise or which is beyond Eric Bensamochan's staffing capabilities;

e. preparing and assisting the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, monthly operating reports, quarterly reports, other motions, etc.

f. assisting the Debtor in the negotiation, formulation, preparation, and ultimate confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of the plan; and

g. performing any other services which may be appropriate in Eric Bensamochan's representation of the Debtor during the Debtor's bankruptcy case.

5. Eric Bensamochan is the only attorney at his firm and specializes in and limits his practice mostly to matters of insolvency, reorganization, and bankruptcy law and is qualified to represent the

Debtor. Mr. Bensamochan is admitted to practice law in the California Courts and in the United States District Court for the Central District of California. Attached as **Exhibit "A"** is a listing of Mr. Bensamochan's current hourly billing rate. He will bill his time for his representation of the Debtor on an hourly billing basis in accordance with Mr. Bensamochan's standard hourly billing rate. He will seek reimbursement of expenses in accordance with the rates set forth in the guidelines previously promulgated by the Office of the United States Trustee. The Debtor expects that Eric Bensamochan, Esq. will be the primary attorney responsible for the representation of the Debtor during the Chapter 11 case. The current hourly billing rate for Eric Bensamochan is $375.00 per hour. Currently Mr. Bensamochan is actively representing several other Chapter 11 debtors in the Central District. Mr. Bensamochan has confirmed several Chapter 11 cases previously, and has obtained final decrees in two of them, and had several others administratively closed after confirmation.

6. Because Eric Bensamochan's primary practice area is bankruptcy, insolvency, and reorganization law, the services provided by Eric Bensamochan do not include the rendition of substantive legal advice outside of these areas such as corporate, tax, securities, environmental, or family law. Eric Bensamochan will not be required to represent or advise the Debtor in matters which Eric Bensamochan believes to be beyond Eric Bensamochan's expertise such as the areas of law just described. In addition, Eric Bensamochan will not be required to represent the Debtor in matters where he determines that he lacks the ability to staff the matter adequately, such as in certain, major complex litigation.

7. Upon retention, the debtor paid or caused to be paid $10,283.00 to Eric Bensamochan for assistance in connection with the Debtor's efforts to obtain counsel and to assist the debtor for the remainder of the case ($12,000.00 minus $1,717.00 for the filing fee). Other than as mentioned hereinafter, Eric Bensamochan has not received any lien or other interest in property of the Debtor or of a third party to secure payment of Eric Bensamochan's fees and expenses. Mr. Bensamochan has further confirmed that the source of the retainer came from the Debtor's Principal's personal funds as a gift to the debtor entity.

8. Eric Bensamochan negotiated the amount of the retainer with the Debtor based upon a number of factors, inclusive of the Debtor's current financial situation, the potential future income the Debtor may be able to generate, and the immediate need for the debtor to obtain competent counsel to step in and resolve many issues with the debtor's current financial state. The matter will be handled for as "close to cost" as possible.

9. In addition to the retainer, Eric Bensamochan will seek Court authority to be paid from the Debtor's estate for any and all fees incurred and expenses advanced by Eric Bensamochan in excess of the remaining retainer. Eric Bensamochan recognizes that the payment of any such additional fees and expenses will be subject to further Court order after notice and a hearing.

11. Eric Bensamochan understands the provisions of 11 USC sections 327, 328, 330, and 331 which require, among other things, Court approval of the Debtor's employment of Eric Bensamochan as bankruptcy counsel and of all legal fees and reimbursement of expenses that Eric Bensamochan will receive from the Debtor and the Debtor's estate.

12. Eric Bensamochan does not have a pre petition claim against the Debtor or the bankruptcy estate. Other than as set forth hereinabove, Eric Bensamochan does not have any connection with any insider of the Debtor or any insider of an insider of the Debtor.

13. As set forth in the Bensamochan declaration, to the best of Eric Bensamochan's knowledge, other than as set forth above, he does not hold or represent any interest adverse to the Debtor or the Debtor's estate, and Eric Bensamochan is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code. Also, other than as set forth above, to the best of Eric Bensamochan's knowledge, he has no prior connection with the Debtor, any creditors of the Debtor, or the Debtor's estate, or any other party in interest in this case, or their respective attorneys or accountants, the United State Trustee, or any person employed by the United States Trustee.

14. Eric Bensamochan is not a creditor, an equity security holder, or an insider of the Debtor. Mr. Bensamochan is currently representing the Debtor entity in Federal District Court (Case No. 2:12-cv-10041-JEM). Mr. Bensamochan agreed to substitute into that case with no retainer paid, and no fee agreement. As of the filing of this application to employ, Mr. Bensamochan has no outstanding invoices to the Debtor Entity.

15. Eric Bensamochan is not, and was not, an investment banker for any outstanding security of the Debtor. Eric Bensamochan has not been within three (3) years before the petition date an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

16. Neither Eric Bensamochan nor any of his attorneys, or staff, are or were within two (2) years before the petition date a director, officer or employee of the Debtor or of any investment banker for security of the Debtor.

17. Neither Eric Bensamochan nor any of his attorneys or staff are a relative or an employee of the United States Trustee or of a Bankruptcy Judge.

18. Eric Bensamochan has not shared or agreed to share his compensation for representing the Debtor with any other person or entity, except among its members. However, there may be occasion to associate additional counsel if needed.

19. As set forth in the Bensamochan Declaration, to the best of Mr. Bensamochan's knowledge, he does not hold or represent any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

///

///

///

///

///

///

///

///

///

///

20. The Debtor believes that their employment of Eric Bensamochan upon the terms and conditions set forth above is in the best interest of the Debtor's estate.

WHEREFORE, the Debtor respectfully requests that the Court approve the Debtor's employment of Eric Bensamochan as Bankruptcy Counsel upon the terms and conditions set forth above effective as of the petition date.

Dated: November 24, 2015                              /s/ Abolfazl Shajari
                                                       President of Brake Madness Inc.

Presented by:                           Eric Bensamochan, Esq

                                             By: /s/ Eric Bensamochan
                                             Proposed attorney
                                             For the Debtor and
                                             The Debtor in Possession

DECLARATION OF ERIC BENSAMOCHAN, ESQ

I, Eric Bensamochan, Esq., hereby declare as follows:

1. I am over the age of 18. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I am an attorney licensed to practice law in the State of California, in the United States District Court, and the Bankruptcy Courts for the Central District.

3. I make this declaration in support of the application to which this declaration is attached.

4. The Debtor seeks to employ me as bankruptcy counsel to render, among others, the following types of professional services:

a. Advising the Debtor with regard to the requirements of the Bankruptcy Court, the Bankruptcy Code, the Bankruptcy Rules, and the Office of the United States Trustee as they pertain to the Debtor;

b. Advising the Debtor with regard to certain rights and remedies of the Debtor's bankruptcy estate and the rights, claims and interests of the creditors;

c. Representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving the Debtor's estate, unless the Debtor is represented in such proceeding or hearing by other special counsel;

d. conducting examinations of witnesses, claimants, or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of Eric Bensamochan's expertise or which is beyond my staffing abilities.

e. preparing and assisting the Debtor in the preparation of reports, applications, pleadings, and orders including, but not limited to, applications to employ professionals, monthly operating reports, quarterly reports, assisting the Debtor in the negotiation, formulation, preparation and ultimate confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of the plan; and

g. performing any other services which may be appropriate in my representation of the Debtor during the Debtor's bankruptcy case.

5. I am the sole attorney in my office, and I limit my practice to matters of insolvency, bankruptcy, and reorganization law, and am qualified to represent the Debtor. All attorneys comprising or associated with my firm are admitted to practice law in the California Courts and in the United States District Court for the Central District of California. Attached as **Exhibit "B"** hereto is a copy of the Bensamochan resume. Attached as **Exhibit "A"** hereto is a listing of the current hourly billing rates for each of Mr. Bensamochan's employees. Mr. Bensamochan will bill his time for his representation of the Debtor on an hourly billing basis in accordance with his standard hourly billing rates. Mr. Bensamochan will seek reimbursement of expenses in accordance with the rates set forth in the guidelines previously promulgated by the Office of the United States Trustee. I will be the primary attorney responsible for the representation of the Debtor during the Chapter

6. Upon retention, the Debtor paid, or caused to be paid, a retainer in the total amount of $10,283 ($12,000.00 minus $1,717.00 for the filing fee) to Mr. Bensamochan for assistance in connection with the Debtor's efforts to reorganize. Mr. Bensamochan has confirmed that the source of the retainer was the debtor's Principal's personal cash on hand as a gift to the debtor entity. I have not received any lien or other interest in property of the Debtor or of a third party to secure payment of my fees or expenses.

7. I negotiated the amount of the retainer with the Debtor upon a number of factors including, but not limited to, the size and complexity of the Debtor's case, the time I expect to put forth in the Debtor's case, and the availability of funds to pay fees and expenses incurred in excess of the retainer.

8. In addition to the retainer, I will seek court authority to be paid from the Debtor's estate for any and all fees incurred and expenses advanced by me in excess of the remaining retainer. I recognize that the payment for any such additional fees and expenses will be subject to further Court order after notice and a hearing.

9. I understand the provisions of 11 USC Sections 327, 328, 330, and 331 which require,

among other things, Court approval of the Debtor=s employment of me as bankruptcy counsel and of all legal fees and reimbursements of expenses that I will receive from the Debtor and the Debtor=s estate.

10. I do not have a pre petition claim against the Debtor or the Debtor's bankruptcy estate.

11. To the best of my knowledge, other than as set forth above, I do not hold or represent any interest adverse to the Debtor or to that of the Debtor's estate, and I am a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code. Also, other than as set forth above, to the best of my knowledge, I have no prior connection with the Debtor entity, any creditors of the Debtor, or the Debtor's estate, or any other party in interest in this case, or their representative attorneys or accountants, the United States Trustee, or any person employed by the United States Trustee.

12. I am not a creditor, an equity security holder, or an insider of the Debtor.

13. I have not shared or agreed to share any compensation for representing the Debtor with any other person or entity. However, there may be occasion to associate additional counsel as needed.

14. To the best of my knowledge, I do not hold or represent any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

///

///

///

///

///

///

///

///

15. In conjunction with preparing this declaration, I investigated whether or not I was disinterested by having done the following:

(a) Interviewing the Debtor's Principal concerning the Debtor's property, assets, and liabilities;

(b) By reviewing documents concerning the Debtor's assets and liabilities; and making a conflicts check of existing clients.


I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 24th day of November, 2015, at Woodland Hills, CA.


/s/ Eric Bensamochan

Proposed counsel for Debtor

& Debtor in Possession

EXHIBIT A



# THE BENSAMOCHAN LAW FIRM INC
## 20501 VENTURA Blvd suite 130
## Woodland hills, ca. 91364
## (818) 574-5740 phone
## (818) 961-0138 fax.

Current Hourly Billing Rates as of January 1, 2014

1. Eric Bensamochan, Esq.          $375.00 per hour

2. Paulina Buitron (Certified Paralegal)     $95.00 per hour

      In-office photocopying:              $.30/page
      Facsimile charges:                  $.30/page
      Mileage:                            $.40/mile

**Note**  See Attached Paralegal Certificate for Paulina Buitron.



# Blackstone Career Institute

Est. 1890

## Confers this Diploma of

## Legal Assistant/Paralegal

### with Distinction upon

# Paulina Buitron

who has fulfilled all the requirements prescribed by the School and is entitled
to all of the honors, rights and privileges thereunto appertaining.
In Testimony Whereof this recognition of achievement is
Given this 25th day of March 2014

President

Valerie J. Biddle, B.S., M. Ed.
Director of Education

EXHIBIT B



The Bensamochan Law Firm Inc
20501 Ventura Blvd Suite 130
Woodland Hills, CA. 91364
(818) 574-5740 Phone
(818) 961-0138 Fax

ATTORNEY BIO

Eric Bensamochan:  Mr. Bensamochan has been licensed since April of 2008. He is a sole practitioner whose practice is limited to Bankruptcy and insolvency matters. Mr. Bensamochan is licensed to practice in the United States Bankruptcy Court for the Central District, and any other court in California Mr. Bensamochan has well over three hundred active Bankruptcy cases with several confirmed chapter 13s and several discharged chapter 7s.

Mr. Bensamochan also practices Chapter 11 Bankruptcy, focusing primarily on the individual Chapter 11 filer.  Mr. Bensamochan is currently the attorney of record in over twenty (20) Chapter 11 cases.

A good representation of Mr. Bensamochan's ability to navigate individual cases and take them to confirmation would be the following list of cases:

1. In Re: Gamliel:  1:10-bk-18320-GM (Confirmed and Final Decree entered)
2. In re: Miguel Lopez: 1:10-bk-16858-MT  (Case Confirmed, debtor later requested voluntary dismissal post confirmation)
3. In re: Montes: 9:11-bk-14783-PC (Former Judge Riblet Case: Confirmed. Debtor is currently administering plan. Final Decree anticipated for 2017)
4. In re: Mendez: 9:11-bk-14850-PC (Former Judge Riblet Case: Confirmed. Debtor is currently administering his plan. Final Decree anticipated for 2017)
5. In re: Sugiyama: 9:11-bk-15768-PC (Former Judge Riblet Case: Case commenced in Pro Per. Mr. Bensamochan substituted into the case on a pro bono basis to assist in confirmation and final decree).

6.  In re: Montanez: 9:12-bk-10834-PC. (Former Judge Riblet Case: Case confirmed. Debtor is administering his plan. Final decree anticipated for 2018)

7.  In re: Garcia; 9:12-bk-11499-PC: (Former Judge Riblet Case: Case Confirmed. Debtor near conclusion of plan administration after a successful loan modification was negotiated on two properties. Final Decree anticipated for 2015)

| In re:<br><br>**Brake Madness, Inc**<br><br>Debtor(s). | CHAPTER: **11**<br><br>CASE NUMBER: **1:15-bk-13766-MB** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**20501 Ventura Blvd. Suite 130
Woodland Hills, CA 91364**

A true and correct copy of the foregoing document entitled (*specify*):     **APPLICATION OF DEBTOR TO EMPLOY BANKRUPTCY COUNSEL**     will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On __11/24/2015__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee: ustpregion16.wh.ecf@usdoj.gov
S Margaux Ross: margaux.ross@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On __11/24/2015__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Hon. Martin Barash**
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each <u>person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 24, 2015 | Daniel Phelan | /s/Daniel Phelan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                            **9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-1
Case 1:15-bk-13766-MB
Central District of California
San Fernando Valley
Tue Nov 24 10:08:15 PST 2015

Brake Madness, Inc.
10603 Venice Blvd.
Los Angeles, CA 90034-6308

San Fernando Valley Division
21041 Burbank Blvd,
Woodland Hills, CA 91367-6606

BCN Bank
3731 Wilshire Blvd. Suite 1000
Los Angeles, CA 90010-2828

Chicago Title Copany
Foreclosure Department
560 E. Hospitality Lane
San Bernardino, CA 92408-3546

Key Main Capital LLC
P.O. Box 16242
Beverly Hills, CA 90209-2242

Reza Sarkhosh and
Venice Auto Center, Inc.
10603 Venice Blvd.
Los Angeles, CA 90034-6308

United States Trustee
Woodland Hills Division
915 Wilshire Blvd., # 1850
Los Angeles, CA 90017-3560

United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Venice Brake Center, Inc.
and Paramarz Afshar
10603 Venice Blvd.
Los Angeles, CA 90034-6308

Eric Bensamochan
20501 Ventura Blvd Ste #130
Woodland Hills, CA 91364-6293

End of Label Matrix
Mailable recipients     10
Bypassed recipients      0
Total                   10